Beacher et al. y. Cook et al.

have been taken at the time when said copy was left. On which the parties were at issue to the jury.

And as to said levy of said execution upon land he says it is true he did levy, etc. yet he says that said land did not belong to said Richard but to     and that said levy was by mistake and that he cannot hold said land thereby. To this part of the defense the defendant demurred.

## BEACHER ET AL. v. COOK ET AL.

The mortgagor is to be considered as tenant at will to mortgagee.

ACTION of ejectment for a tract of land. Plea — Not guilty. Issue to the jury — who found a special verdict, that on the 14th of February 1761, Samuel Cook deceased, was well-seized of the demanded premises, and by deed of that date mortgaged them to Eliphalet Beacher, late deceased, for £70 payable by the 14th day of February A. D. 1766 with the interest; that said Cook ever after continued in the possession of said mortgaged premises, taking the whole profit thereof without account until his death, which happened in A. D. 1788, and never paid any part of the principal or interest of said debt, nor anything for rent, during his life; that upon his death his son Samuel one of the defendants, entered and ever since has possessed the same, taking all the profits to himself, without paying anything therefor; and that said Eliphalet the mortgagee, continued to live in said New Haven in the full possession of his reason, until the 1st of June A. D. 1777, when he died, leaving Reuben Beacher his

son, and Sarah a daughter, the wife of Seth Coleman, his only children and heirs; that on the 1st of September A. D. 1788, said Reuben died and left a daughter Sarah, the wife of Ephraim Coleman, his only child and heir; since which said Sarah Coleman the daughter of said Reuben Beacher has died, leaving the plaintiffs her children and heirs;— the jury put the question of law whether upon the facts aforesaid the defendants were guilty?

This cause was very ably argued by the counsel for the parties. And by the court — The law is so, upon the facts aforesaid, that the defendants are guilty, and give judgment for the plaintiffs to recover the possession.

Upon two grounds, 1st. It appears that the mortgagor and his son Samuel, continued in the possession with the knowledge and consent of the mortgagee and his heirs; doubtless upon the idea that the land would be equal to the debt and the interest, but be that as it may, the mortgagor is to be considered as tenant, at the will of the mortgagee and his heirs; and in this case to have remained in by the agreement of the mortgagee and his heirs.

2d. When Eliphalet, the mortgagee died, his daughter Sarah who was one of his heirs was a *feme covert;* and when said Reuben died, his only daughter and heir was a *feme covert;* whereby the right was saved, unless it be considered that the time began to run in the life of said Eliphalet the mortgagee, which could not be; for it is evident from the facts found, that the mortgagor was tenant at will the whole of that time. See Beach v. Royce, determined at New Haven last January.